# CURRENT COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 103
### FUNK v. HEFFNER

Montgomery Court of Appeals, No. 598, Dec. 12, 1922

SUMMONS—(1- Exemption from service in civil action—(2) Motion to vacate judgment—(3) Laches.

PER CURIAM:

#### Epitomized Opinion

Error to Montgomery Court of Common Pleas

Funk was in Kentucky and was arrested and brought to Montgomery county; while in jail he was served with summons in attachment; he was a resident of the county. He was released from jail some time before a judgment by default was taken in the attachment proceedings. Some time after the entry of the judgment he filed a motion to vacate the judgment and for leave to defnd; this motion was overruled. Held:

(1) The privilege of exemption from service in civil action while the party served is under arrest, does not apply, when the one arrested and served is a resident, and under arrest in the county where the civil action is commenced.

(2) Where one is released from jail a long time before default judgment is taken and make no effort to defend, he is guilty of laches and a court of equity will not vacate the judgment.

Attorneys—Egan & Delscamp, for Funk; Thomas H. Frod, for Heffner.

### No. 104
### STATE v. SAMUEL BECK

Montgomery County Court of Appeals, No. 486,

January 4, 1923

ALLREAD, J.:

#### Epitomized Opinion

Error to Montgomery County Common Pleas

Beck was arrested and convicted before a mayor upon a charge of possession of intoxicating liquors and a fine of $500 and costs of prosecution was assessed. Beck prosecuted error in the common please, where the magistrate was reversed upon the ground that the evidence introduced on the trial was obtained under an illegal search warrant.

This judgment was entered in the common pleas Aug. 26, 1921. May 16, 1922 (more than 70 days) the state filed a petition in error in this court. Held:

1. That the 70-day statute of limitations provided in civil cases does not apply in criminal cases and the statute requiring leave and fixing a time for the defendant to prosecute error does not apply to the state. 73 OS. 195; 22 OS. 581; 20 CC. Ns. 606; and 97 OS. 128, given as authority.

2. It appears that search warrant issued by the magistrate against Beck was directed to K., marshal, but was actually served by W., constable. W. deputized certain others who assisted in the search. Upon trial before the magistrate there was a general objection to the evidence secured under the search warrant, but there was no motion or application before trial to secure the return of the property obtained under the search warrant. On this point it was held:

That the question as to the legality of evidence secured under an irregular search warrant must be made before trial, and cannot be made by general objection during it. See Ciano v. State, post. p. 9,000.

3. The case was a question of fact as to whether the beer in the possession of Beck contained an illegal quantity of alcohol and this was a question to some extent of credibility. The testamory of Y., who was apparently a disinterested witness, was more complete and specific than the testimony offered by the defense. Besides the magistrate, being the trial court, has the advantage of the personal presence of witnesses and reviewing court should hesitate to reverse on the weight of evidence where the decision rests upon the credibility of witnesses. Brce v. State, 12 OS. 146.

The judgment of the common pleas should be reversed and the magistrate affirmed.

Attorneys—Haveth E. Mau, for pros.; T. B. Jarvis and Chas. H. Earhart, for P. inE.; A. J. Dwyer, for D. in E.

### No. 105
### KELLEY v. DAVIES

Cuyahoga Court of Appeals, No. 4066, Dec. 6, 1922

LANDLORD AND TENANT—(1) Landlord's liability for injuries from defects—(2) Based on contract only—(3) Petition.

SULLIVAN, J.:

#### Epitomized Opinion

Error to Court of Common Pleas, Cuyahoga County

Child two years old fell from a second story porch; the paling in the banister was defective, when the child leaned against them they gave away, the child falling to cement sidewalk below and was seriously injured. The building contained a number of flats and a common porch and stairway in the rear. The parents lived on the ground floor. It had gone up the stairs itself. All of the flats were leased by the owner to various tenants. There was no allegation in the petition that the landlord had retained any measure of control over the porch and stairway, or that he had any right to enter thereon to make repairs.

The trial to a jury resulted in a verdict against the landlord for $5,000.00 damages. Held:

(1) There must be some contractual obligation on the part of landlord, retaring control of the property and to keep it in repair, and this must extend to the particular part causing damages, an allegatio nthat he was in control of the building not being sufficient.

Attorneys—T. J. Ross, for Kelley; Sanborn, Rich and McConnell, for Davies.